



## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

**DORETHA LYNN SPENCER,**

Plaintiff,

v.

**THE STATE OF OKLAHOMA ex rel.
THE OKLAHOMA DEPARTMENT
OF CORRECTIONS,** a state agency,

-and-

**DALE BREWER, TRACY JONES,
LAURA PITMAN, CAITLIN OWEN,**
and **LESIA MISER,** individually,

Defendants.

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC 3 1 2018

RICK WARREN
COURT CLERK

Case No. **CJ - 2018 - 7171**

### PETITION

The plaintiff, Doretha Lynn Spencer, sues the abovenamed defendants in a civil

action and, for her cause of action against them, alleges and states the following:

### Parties

1.      Doretha Lynn Spencer (hereinafter "Lynn Spencer") (Plaintiff) is a resi-

dent of Cleveland County, Oklahoma. During the times relevant to this litigation, she was

a classified employee working for the Oklahoma Department of Corrections (Defendant

1) in the position of Secretary V.

2.      The Oklahoma Department of Corrections (Defendant 1) is a state agency.

Its main office located in Oklahoma City, Oklahoma County, Oklahoma.

# Exhibit 2

3.     Dale Brewer (Defendant 2) is an individual who resides in Pottawatomie County, Oklahoma. During the times relevant to this litigation, he was employed by the Oklahoma Department of Corrections (Defendant 1) in the position of Manager of Classification & Population.

4.     Tracy Jones (Defendant 3) is an individual who resides in Cleveland County, Oklahoma. During the times relevant to this litigation, he was employed by the Oklahoma Department of Corrections (Defendant 1) in the position of Administrative Programs Officer II.

5.     Dr. Laura J. Pittman, Ph.D. (Defendant 4) is an individual who resides in Oklahoma County, Oklahoma. During the times relevant to this litigation, she was employed by the Oklahoma Department of Corrections (Defendant 1) as the Division Manager of Population, Programs, and Strategic Planning.

6.     Caitlin Owen (Defendant 5) is an individual who resides in Oklahoma County, Oklahoma. During the times relevant to this litigation, she was employed by the Oklahoma Department of Corrections (Defendant 1) in the position of Division Support Coordinator.

7.     Lesia Miser (Defendant 6) is an individual who resides in McClain County, State of Oklahoma. During the times relevant to this litigation, she was employed by the Oklahoma Department of Corrections (Defendant 1) in the position of Director of Programs, Population, and Assessment and Reception.

**Exhibit 2**

**Jurisdiction and Venue**

8.      Plaintiff has performed any conditions precedent to filing this action with the Equal Employment Opportunity Commission and the Oklahoma Attorney General's Office of Civil Rights Enforcement. The Plaintiff has received a "Notice of Rights," dated October 16, 2018. Plaintiff has timely filed this action within 90 days of receipt of the notice of rights. See Plaintiff's Exhibit No. 1 attached hereto.

9.      Jurisdiction is proper in this court pursuant to 42 U.S.C. § 2000e-5(f)(B)(3) and 25 O.S. § 1350.

10.      Venue is proper in this Court pursuant to 12 O.S. § 133.

11.      Plaintiff's claims are for the violation of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., (or, more commonly, "Title VII"), the Age Discrimination in Employment Act of 1967, ("ADEA"), and state tort claims.

12.      Plaintiff timely filed a tort claim pursuant to the Oklahoma Governmental Tort Claims Act ("OGTCA"), which was denied on October 25, 2018.

**First Claim**
**Retaliation under Title VII**

13.      Paragraphs 1-12 are restated and incorporated herein by reference.

14.      Lynn Spencer (Plaintiff) was employed by the Oklahoma Department of Corrections (Defendant 1) since August 19, 2013.

15.      Lynn Spencer (Plaintiff) worked at the Lexington Assessment and Reception Center ("LARC") in Lexington, Cleveland County, Oklahoma.

**Exhibit 2**

16.     At the times relevant to this litigation, Lynn Spencer (Plaintiff) was age 64.

17.     In 2016, Lynn Spencer (Plaintiff) worked in Population as a Secretary V under Dale Brewer  (Defendant 2), Manager of Classification & Population.

18.     Around October 2016, Dale Brewer (Defendant 2) permanently moved Lynn Spencer (Plaintiff) from her position at Population to a position at Assessment and Reception Records ("A&R Records"). Dale Brewer (Defendant 2) replaced her with a less-qualified Administrative Assistant II, who was a female employee in her early 20s only recently hired to work in A&R Records.

19.     This personnel move had no legitimate business reason because the highest classification necessary in A&R Records was an Administrative Assistant II, which was below Lynn Spencer (Plaintiff)'s classification of Secretary V. Effectively, this move was a demotion for Lynn Spencer (Plaintiff).

20.     Lynn Spencer (Plaintiff) reported this to the human resources department and later discussed it with her supervisors in A&R Records.

21.     In early March 2017, Lynn Spencer (Plaintiff) witnessed Tracy Jones (Defendant 3) make inappropriate remarks of a sexual nature about a female employee, Reika Punneo, who was his subordinate. Lynn Spencer (Plaintiff) reported the incident to her immediate supervisor, Deborah Wood, who had received other similar reports about Dale Brewer (Defendant 2) and Tracy Jones (Defendant 3).

22.     On or about March 20, 2017, Deborah Wood went up the chain-of-command and met with Laura Pitman (Defendant 4) and reported that Dale Brewer (De-

**Exhibit 2**

fendant 2) and Tracy Jones (Defendant 3) were sexually harassing female employees. Deborah Wood followed up this meeting by providing a written memo to Laura Pitman (Defendant 4), which outlined the problems and identified Lynn Spencer (Plaintiff) and Reika Punneo as specific recipients of their discrimination.

23.     Laura Pitman (Defendant 4) instructed Deborah Wood to make an appointment with Elvin Baum, Director of Employee Rights and Relations, to report the sexual harassment and discrimination. Deborah Wood met with Elvin Baum on or about April 11, 2017. Subsequently, Elvin Baum began an investigation into the allegations.

24.     Lynn Spencer (Plaintiff) participated in Elvin Baum's investigation.

25.     Reika Punneo participated in Elvin Baum's investigation.

26.     Lynn Spencer (Plaintiff) alleges that Elvin Baum's investigation did not take the reported allegations seriously and was not conducted in good faith.

27.     Not long after he was reported for sexual harassment, Tracy Jones (Defendant 3) went into Deborah Wood's office and verbally threatened retaliation if she did not retract the sexual harassment complaint, saying, to the effect, that, "If you drop what you have going on, then I'll drop what I have going on."

28.     When Deborah Wood did not retract the complaint, Dale Brewer (Defendant 2) and Tracy Jones (Defendant 3) conspired to retaliate against the employees in A&R Records by instigating an investigation into allegations concerning the misuse of the Oklahoma Law Enforcement Telecommunications System (OLETS) occurring in A&R Records. These allegations were purposefully solicited from a departing, disgruntled employ-

**Exhibit 2**

ee during what Dale Brewer (Defendant 2) described as an "exit interview." However, such an exit interview goes against the written policies and procedure of the Oklahoma Department of Corrections (Defendant 1), which conducts exit interviews by voluntary online surveys in accordance with OP-110237.

29.    Despite the allegations of misuse, the employees in A&R Records were using OLETS as they had been directed to do so by their current and previous supervisors. Dale Brewer (Defendant 2) and Tracy Jones (Defendant 3) knew how OLETS was being utilized in A&R Records. They also directed and condoned this usage, so their actions in instigating an investigation into alleged misuse had malicious intent.

30.    Soon after the sexual harassment memo, neither Dale Brewer (Defendant 2) nor Tracy Jones (Defendant 3) returned to their position.

31.    Dale Brewer (Defendant 2) retired after a leave of absence.

32.    Tracy Jones (Defendant 3) was moved out of the department and was promoted to a higher position at the Oklahoma Department of Corrections (Defendant 1).

33.    Lynn Spencer (Plaintiff) is, currently, unaware of the Oklahoma Department of Corrections (Defendant 1) taking any actual disciplinary action against either Dale Brewer (Defendant 2) or Tracy Jones (Defendant 3) as a result of the sexual harassment allegations.

34.    On May 2, 2017, Caitlin Owen (Defendant 5), Division Support Coordinator for Laura Pitman (Defendant 4), entered A&R Records and advised she would be learning each job in the department so that she could do a staffing analysis and presented

**Exhibit 2**

a memo stating that during the absence of Dale Brewer (Defendant 2), she will provide oversight for A&R Records.

34.     After assuming this role, Caitlin Owen (Defendant 5) took actions that made it clear she was sent to A&R Records for ulterior purposes, because she began imposing additional work burdens and disciplinary measures against the employees who engaged in the protected activity. This persisted until Caitlin Owen (Defendant 5) took action to discharge these employees on September 19, 2017.

35.     On May 3, 2017, Laura Pitman (Defendant 4) requested an investigation into the alleged OLETS violations.

36.     On May 4, 2017, Agent Benjamin J. Williams from the Office of Fugitive Apprehension and Investigations began an official investigation into the alleged OLETS violations. This investigation began with interviews of the employees in A&R Records. Each interview was audio recorded.

37.     Agent Williams' interviews demonstrate a bias against the three employees who reported sexual harassment. Conversely, Agent Williams demonstrated a defensive attitude toward the allegations made against other employees, such as Tracy Jones (Defendant 3). And, he gave some of the employees, like Tracy Jones (Defendant 3), the opportunity to respond to and exonerate themselves from the allegations against them. He did not give this same opportunity to Lynn Spencer (Plaintiff), Deborah Wood, and Reika Punneo.

**Exhibit 2**

38.     Moreover, Agent Williams knew, in advance of conducting his interviews, about the sexual harassment allegations that had been made.

39.     On September 12, 2017, Agent Williams' written investigative report was completed after, apparently, months of investigative inactivity. In his report, Agent Williams concludes that several employees committed violations in regard to the use of OLETS. Agent Williams further concludes that three employees – Lynn Spencer (Plaintiff), Deborah Wood, and Reika Punneo – made "materially false statements" during his official investigation.

40.     However, Agent Williams' investigative report misrepresents the actual questions he asked and the actual answers Lynn Spencer (Plaintiff), Deborah Wood, and Reika Punneo gave during their interviews to contrive their statements as false and cast them as liars.

41.     On September 19, 2017, Lynn Spencer (Plaintiff) received a pre-termination from the Oklahoma Department of Corrections (Defendant 1) signed by Caitlin Owen (Defendant 5). The grounds alleged for her termination were for making "materially false statements" during an official investigation.

42.     Also, on September 19, 2017, Reika Punneo received a pre-termination from the Oklahoma Department of Corrections (Defendant 1) signed by Caitlin Owen (Defendant 5). The grounds alleged for her termination were for making "materially false statements" during an official investigation.

**Exhibit 2**

43.     On September 19, 2017, Deborah Wood, who was not a classified employee, was terminated from her employment by Laura Pitman (Defendant 4) with the cited reason that she had made "materially false statements" during an official investigation.

44.     Lynn Spencer (Plaintiff), Deborah Wood, and Reika Punneo, the three employees who engaged in a protected activity, had action taken against them on the same day and for the same reason and received disparate treatment from the other employees.

45.     The other employees who were investigated for OLETS violations, but who did not participate in a protected activity, were not discharged.

46.     Some of these other employees, such as Tracy Jones (Defendant 3), actually made materially false statements during the course of the investigation. However, these instances were never investigated nor disciplined.

47.     Lynn Spencer (Plaintiff) was discharged from her employment on October 31, 2017.

48.     Title VII makes it an unlawful for an employer to discriminate or retaliate against an employee because she has opposed an unlawful employment practice.

49.     Lynn Spencer (Plaintiff) believes her termination from her employment was in retaliation for reporting sexual harassment and that the reasons given for her discharge are pretext.

50.     As a direct and proximate cause of the Oklahoma Department of Corrections (Defendant 1)'s action, Plaintiff has lost wages and benefits, suffered emotional distress, and sustained damage to her reputation and career. Plaintiff has been injured in an



amount in excess of $75,000.00 and is entitled to judgment against the Oklahoma Department of Corrections (Defendant 1) for its wrongful conduct.

### Second Claim
### Retaliation under Age Discrimination in Employment Act of 1967

51.    Paragraphs 1-50 are restated and incorporated herein by reference.

52.    Lynn Spencer (Plaintiff) engaged in a protected activity under the Age Discrimination in Employment Act of 1967 (ADEA).

53.    As a result of engaging in this protected activity, Lynn Spencer (Plaintiff) was discharged from her employment at the Oklahoma Department of Corrections (Defendant 1).

54.    The ADEA makes it an unlawful for an employer to discriminate or retaliate against an employee because she has opposed a discriminatory employment practice based on age.

55.    As a direct and proximate cause of the Oklahoma Department of Corrections (Defendant 1)'s action, Plaintiff has lost wages and benefits, suffered emotional distress, and sustained damage to her reputation and career. Plaintiff has been injured in an amount in excess of $75,000.00 and is entitled to judgment against the Oklahoma Department of Corrections (Defendant 1) for its wrongful conduct.

### Third Claim
### Civil Conspiracy by Defendants Brewer and Jones

56.    Paragraphs 1-55 are restated and incorporated herein by reference.

**Exhibit 2**

57.     For the purpose of this claim, Plaintiff alleges that Dale Brewer (Defendant 2) and Tracy Jones (Defendant 3), were, at all times, acting willfully, maliciously, and in bad faith and, therefore, beyond the scope of their employment with the Oklahoma Department of Corrections (Defendant 1), which exposes them to individual liability for their tortious acts.

58.     After the report was made of their misconduct, Dale Brewer (Defendant 2) and Tracy Jones (Defendant 3), and possibly others, conspired to accomplish the unlawful purpose of discriminatory retaliation and to deprive Plaintiff of her gainful employment at a state agency.

59.     As a direct and proximate cause of Dale Brewer (Defendant 2) and Tracy Jones (Defendant 3)'s actions, Plaintiff has lost wages and benefits, suffered emotional distress, and sustained damage to her reputation, career, and property interests in her gainful employment as a classified employee with the State of Oklahoma. Plaintiff has been injured in an amount in excess of $75,000.00 and is entitled to judgment against Dale Brewer (Defendant 2) and Tracy Jones (Defendant 3) for their wrongful conduct.

### Fourth Claim
### Civil Conspiracy by Defendants Pitman, Owen, and Miser

60.     Paragraphs 1-59 are restated and incorporated herein by reference.

61.     For the purpose of this claim, Plaintiff alleges that Laura Pitman (Defendant 4), Caitlin Owen (Defendant 5), and Lesia Miser (Defendant 6), were, at all times, acting willfully, maliciously, and in bad faith and, therefore, beyond the scope of their employ-

**Exhibit 2**

ment with the Oklahoma Department of Corrections (Defendant 1), which exposes them to individual liability for their tortious acts.

62.     Laura Pitman (Defendant 4), Caitlin Owen (Defendant 5), Lesia Miser (Defendant 6), and possibly others, acted together, as individuals in such a way as to conspire for the unlawful purpose to retaliate against Lynn Spencer (Plaintiff) and to deprive her of her right to continued employment with a state agency, her property interest in her job, and to create a hostile work environment.

63.     After Lynn Spencer (Plaintiff) participated in the complaint and investigation into sexual harassment allegations against other employees, Laura Pitman (Defendant 4), Caitlin Owen (Defendant 5), Lesia Miser (Defendant 6), and possibly others, acting as individuals, conspired to create an untruthful basis for the her termination.

64.     Caitlin Owen (Defendant 5) presided over a pre-termination hearing on October 3, 2017, where evidence was presented that contradicted the allegations against Lynn Spencer (Plaintiff). Therefore, Caitlin Owen (Defendant 5) had knowledge that the grounds for Plaintiff's termination were untrue or which imposed a further duty to investigate. However, Caitlin Owen (Defendant 5) still made the decision, intentionally and maliciously, to terminate Plaintiff's employment in furtherance of the conspiracy.

65.     As a direct and proximate cause of Laura Pitman (Defendant 4), Caitlin Owen (Defendant 5), Lesia Miser (Defendant 6)'s actions, Plaintiff has lost wages and benefits, suffered emotional distress, and sustained damage to her reputation, career, and property interests in her gainful employment as a classified employee with the State of

**Exhibit 2**

Oklahoma. Plaintiff has been injured in an amount in excess of $75,000.00 and is entitled to judgment against Laura Pitman (Defendant 4), Caitlin Owen (Defendant 5), Lesia Miser (Defendant 6) for their wrongful conduct.

**WHEREFORE**, the plaintiff, Doretha Lynn Spencer, demands judgment against the Oklahoma Department of Corrections (Defendant 1) in the amount in excess of $75,000.00, and further demands judgment against Dale Brewer (Defendant 2), Tracy Jones (Defendant 3), Laura Pitman (Defendant 4), Caitlin Owen (Defendant 5), and Lesia Miser (Defendant 6), individually, in an amount in excess of $75,000.00 plus punitive damages, for an award of her attorney's fees and costs, and for all such further and other relief as the Plaintiff may be entitled to by law and in equity.

Respectfully submitted,

JOSH BEX, OBA No. 21602
110 S. Main Street / P.O. Box 88
Noble, OK 73068
(405) 872-9216
Joshbex@gmail.com

ATTORNEY FOR PLAINTIFF,
D. LYNN SPENCER

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

-13-

**Exhibit 2**

<table>
<tr><td>EEOC Form 161 (11/16)</td><td>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION</td><td>EXHIBIT 1</td></tr>
</table>

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Doretha L. Spencer<br>P.O. Box 6<br>12300 Hwy 39<br>Lexington, OK 73051 | From: Oklahoma City Area Office<br>215 Dean A. McGee Avenue<br>Suite 524<br>Oklahoma City, OK 73102 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2018-01350 | Donna G. Noel,<br>Investigator | (405) 231-4361 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Holly Waldron Cole,
Area Office Director

October 16, 2018
(Date Mailed)

Enclosures(s)

cc: Elvin Baum
Civil Rights Administrator
OKLA DEPARTMENT OF CORRECTIONS
3400 N. Martin Luther King Blvd
Oklahoma City, OK 73111

Plaintiff's Exhibit No. 1

# Exhibit 2